UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-319-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| HUNG HUYNH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:

Conspiracy to Distribute Marijuana; Criminal Forfeiture

Date of Detention Hearing:    Initial Appearance, October 25, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)    Defendant has been indicted for Conspiracy to Distribute Marijuana.  He made his

DETENTION ORDER                                                                                      15.13
18 U.S.C. § 3142(i)                                                                                   Rev. 1/91
PAGE 1

01  initial appearance in the Eastern District of Washington, where he was ordered detained.  Based

02  on that order, defendant does not contest detention.

03      (2)      The defendant is a native and citizen of Vietnam.  He states that he is a permanent

04  resident of the United States.  His father resides in Vietnam, with whom the defendant is in

05  contact.   Other family members, including his mother and stepfather, reside in Spokane,

06  Washington.  Some conflicting information was provided to Pretrial Services in Spokane regarding

07  the defendant's current residence address.  The case agent indicates that the defendant has access

08  to funds which would enable him to flee to Vietnam.  He is not currently employed.

09      (3)      The defendant's prior criminal history includes several failures to appear.  He has

10  an outstanding misdemeanor warrant and felony conviction which is pending his self-report to

11  serve the sentence.

12      (4)      The defendant poses a risk of nonappearance due to lack of ties to this District,

13  family ties to Vietnam, prior failures to appear and a pending felony sentence, and conflicting

14  residence information.  He poses a risk of danger due to criminal history.

15      (5)      There does not appear to be any condition or combination of conditions that will

16  reasonably assure the defendant's appearance at future Court hearings while addressing the danger

17  to other persons or the community.

18  It is therefore ORDERED:

19      (1)      Defendant shall be detained pending trial and committed to the custody of the

20          Attorney General for confinement in a correction facility separate, to the extent

21          practicable, from persons awaiting or serving sentences or being held in custody

22          pending appeal;

DETENTION ORDER                                                          15.13
18 U.S.C. § 3142(i)                                                      Rev. 1/91
PAGE 2

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                                                                                    15.13
18 U.S.C. § 3142(i)                                                                              Rev. 1/91
PAGE 3